The Honorable Jeff Gillespie State Representative P.O. Box 524 Danville, AR 72833-0524
Dear Representative Gillespie:
You have requested my opinion concerning a volunteer fire fighter and paramedic.
Your question is a follow-up to Attorney General Opinion No. 2003-145 and arises out of the following facts, which you have provided: One of your constituents served as a volunteer fire fighter and paramedic in Danville for more than five years. He wants to accept a paid position with the Russellville Fire and Rescue Department. Your question is:
 Would this individual's time served as a volunteer fire fighter in Danville exempt him from the age restriction and allow him to take the exam for the position in Russellville?[1]
RESPONSE
It is my opinion that if the individual's position as a volunteer fire fighter in the City of Danville was not a paid position, that prior service will not exempt him from the age restriction. It is my understanding that the volunteer fire fighters in the City of Danville are not paid.
The issue you have raised is governed by A.C.A. § 14-51-301. That statute applies to cities of the first class that have civil service commissions for their fire and police departments. It therefore applies to the City of Russellville. The statute states in pertinent part:
 (a)(1) The board provided for in this chapter [the Civil Service Commission] shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
* * *
(b) These rules shall provide for:
 (1)(A) The qualifications of each applicant for appointment to any position on the police or fire department.
 (B)(i) No person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one (21) years or who, except as provided in subdivision (b)(1)(C) of this section, has arrived at the age of thirty-two (32) years.
* * *
 (C) Provided, however, the maximum age limit for appointment to any position with a fire department in subdivision (b)(1)(B)(i) of this section shall not apply to:
 (i) Any person who has at least two (2) years of previous experience as a paid firefighter with another fire department and whose years of experience as a paid firefighter when subtracted from the person's age leaves a remainder of not more than thirty-two (32) years[.]
A.C.A. § 14-51-301, in part (emphasis added).
The language emphasized in the above quoted section of A.C.A. § 14-51-301
indicates unequivocally that in order to be exempted from the age restriction, the previous years of service with another fire department must have been served in a paid position. As noted previously, it is my understanding that the volunteer fire fighters in the City of Danville are not paid.
If this understanding is correct, I must conclude that your constituent's previous service as a volunteer fire fighter in the City of Danville will not suffice to exempt him from the age restriction that is stated in A.C.A. § 14-51-301(b)(1)(B)(i).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The question presented in Opinion No. 2003-145 was whether the individual's previous service would exempt him from the age restriction and make him eligible for a position in Danville, rather thanRussellville. This change in information has necessitated the follow-up question.